## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO:  8:05-CV-667-T-30MAP
                                                      Crim. No: 8:03-CR-176-T-30MAP

HUGO ANGEL
_____/

## <u>ORDER</u>

On July 31, 2007, Defendant HUGO ANGEL filed a letter (CR Dkt. #130) dated July 24, 2007, complaining about the effectiveness of his attorney prior to his entry of a guilty plea.  This Court construes the letter as a second motion for relief under 28 U.S.C. §2255, challenging his conviction entered on December 4, 2003.

Judgment (Dkt. #61) was entered on December 4, 2003.  Defendant filed a Notice of Appeal (Dkt. #62) with the Eleventh Circuit Court of Appeals on December 12, 2003.  Said appeal was denied on June 24, 2004.  (Dkt. #95)  Thereafter, Defendant filed his first Motion (Dkt. #101) for relief under 28 U.S.C. §2255 with this Court.  Said Motion was denied by an Order (Dkt. #117) entered on February 8, 2007.  An Amended Judgment (Dkt. #128) was issued on May 2, 2007, reducing Defendant's sentence as requested in a Rule 35 Motion filed by the Government.

Pursuant to 28 U.S.C. §2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or

successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A).  A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.  See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996).

Defendant has not fulfilled the requirements of the statutes as set out above. Accordingly, Petitioner's successive 28 U.S.C. §2255 motion to vacate shall be dismissed.

It is therefore **ORDERED AND ADJUDGED** that:

1.      Defendant's letter (CR Dkt. #130) dated July 24, 2007, which this Court has construed as a successive motion for relief under 28 U.S.C. §2255, is DISMISSED.

**DONE** and **ORDERED** in Tampa, Florida on August 1, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
Counsel/Parties of Record

*F:\Docs\2003\03-cr-176.deny 2255 succ.wpd*